UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

ELIJAH JAMES COOK,

    Petitioner,       Case Number: 2:11-CV-12798

v.              HONORABLE NANCY G. EDMUNDS

DEBRA L. SCUTT,

    Respondent.
_____/

## OPINION AND ORDER GRANTING PETITIONER'S MOTION TO AMEND AND MOTION TO STAY HABEAS PROCEEDINGS AND ADMINISTRATIVELY CLOSING CASE

  Petitioner Elijah James Cook, presently confined at the G. Robert Cotton Correctional Facility in Jackson, Michigan, has filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254.  In his application, filed *pro se,* Petitioner challenges his convictions for two counts of assault with intent to murder, assault with intent to rob while armed, felon in possession of a firearm, and felony firearm.  Now before the Court are Petitioner's Motion to Amend and Motion to Stay Habeas Proceedings.

  In his Motion to Amend, Petitioner states that, through his investigation of claims relevant to the petition, he has discovered material evidence relevant to his defense and habeas petition.  Petitioner argues that this newly discovered evidence is relevant to his case because it corroborates a trial witness's testimony that Petitioner had no involvement in the crime, and supports Petitioner's defense at trial.  Petitioner asks for leave to amend

his petition to include claims related to this newly-discovered evidence. In a separate motion, Petitioner asks the Court to stay further habeas proceedings so that he may return to state court to exhaust his unexhausted claims.

Under 28 U.S.C. § 2242 an application for a writ of habeas corpus "may be amended or supplemented as provided in the rules of procedure applicable to civil actions." 28 U.S.C. § 2242. Fed. R. Civ. P. 15(a)(1) permits a party to amend a pleading once as a matter of course within twenty-one days of serving the pleading, or within twenty-one days after a responsive pleading is served. Neither of those circumstances is applicable here. Therefore, Petitioner may only amend his pleading pursuant to Fed. R. Civ. P. 15(a)(2), which allows for amendment with the opposing party's written consent or by leave of Court. Petitioner has not obtained written consent from Respondent. Consequently, he may only amend his petition by leave of Court.

The Sixth Circuit identifies the following factors a court should consider in deciding whether to permit an amendment:

> Undue delay in filing, lack of notice to the opposing party, bad faith by the moving party, repeated failure to cure deficiencies by previous amendments, undue prejudice to the opposing party, and futility of amendment are all factors which may affect the decision. Delay by itself is not sufficient reason to deny a motion to amend. Notice and substantial prejudice to the opposing party are critical factors in determining whether an amendment should be granted.

*Coe v. Bell*, 161 F.3d 320, 341 (6th Cir.1998) (citations omitted). "The thrust of Rule 15 is to reinforce the principle that cases should be tried on their merits rather than the technicalities of pleadings." *Tefft v. Seward*, 689 F.2d 637, 639 (6th Cir.1982)

In this case, Respondent does not oppose the Motion to Amend.  The delay in seeking to amend is not due to Petitioner's negligence or lack of diligence.  Further, allowing amendment will not prejudice Respondent.  Therefore, the Court will allow amendment of the petition.

Petitioner also seeks a stay in this matter because the newly-added claims have not been exhausted in state court.  State prisoners must exhaust available state remedies for each of the claims presented in a habeas petition before seeking a federal writ of habeas corpus.  28 U.S.C. § 2254(b)(1).

If outright dismissal of a habeas petition containing unexhausted claims would jeopardize the timeliness of a future petition, a federal court may stay the federal habeas petition and hold further proceedings in abeyance pending resolution of state court post-conviction proceedings, provided there is good cause for failure to exhaust claims and that the unexhausted claims are not "plainly meritless." *Rhines v. Weber*, 544 U.S. 269, 278 (2005).  The Court finds that outright dismissal of the petition would jeopardize the timeliness of any future habeas petition.

Petitioner argues that his unexhausted claims were not presented in state court because they are newly discovered.  The Court finds that Petitioner has asserted good cause for failing previously to present his claims in state court.  In addition, the Court finds that his claims are not "plainly meritless" and that Petitioner has not engaged in intentionally dilatory tactics. *See Rhines*, 544 U.S. at 277-78.  Therefore, the Court shall grant the request and stay further proceedings in this matter pending Petitioner's

exhaustion of his unexhausted claims.

When a district court determines that a stay is appropriate pending exhaustion of state court remedies, the district court "should place reasonable time limits on a petitioner's trip to state court and back." *Id.* at 278. To ensure that Petitioner does not delay in exhausting his state court remedies, the Court imposes upon Petitioner time limits within which he must proceed. *See Palmer v. Carlton*, 276 F.3d 777, 781 (6th Cir. 2002). Petitioner must present his claims in state court within sixty days from the date of this Order. *See id.* Further, he must ask this Court to lift the stay within sixty days of exhausting his state court remedies. *See id.* "If the conditions of the stay are not met, the stay may later be vacated *nunc pro tunc* as of the date the stay was entered, and the petition may be dismissed." *Palmer*, 276 F.3d at 781 (internal quotation omitted).

Also before the Court is Petitioner's Application to Proceed *In Forma Pauperis.* When Petitioner filed his petition for a writ of habeas corpus, he paid the required filing fee. At this time, the Court determines that no other costs are anticipated which would require that Petitioner be granted permission to proceed *in forma pauperis,* particularly because the matter will be administratively closed. If the matter is reopened following exhaustion of state court remedies, and the Court determines that it would be appropriate to grant Petitioner permission to proceed *in forma pauperis*, the Court will reconsider Petitioner's motion. Additionally, Petitioner's Motion for Leave to Invoke Process of Discovery will be denied without prejudice to Petitioner's right to seek discovery if and when the matter is reopened.

Accordingly, **IT IS ORDERED** that Petitioner's "Motion to Amend" [dkt. # 6] and "Motion to Stay Habeas Proceedings" [dkt. # 7] are **GRANTED**.

**IT IS FURTHER ORDERED** that Petitioner's "Motion to Proceed *In Forma Pauperis*" [dkt. # 2] and "Motion for Leave to Invoke Process of Discovery" [dkt. # 3] are **DENIED WITHOUT PREJUDICE**.

If Petitioner fails to file a motion for relief from judgment with the state trial court within sixty days from the date of this order, the Court will dismiss the petition for writ of habeas corpus without prejudice.  Petitioner shall file a motion to lift the stay in this Court within sixty days after the conclusion of the state court proceedings.

**IT IS FURTHER ORDERED** that, to avoid administrative difficulties, the Clerk of Court close this case for statistical purposes only.  Nothing in this order or in the related docket entry shall be considered a dismissal of this matter.  Upon receipt of a motion to lift the stay following exhaustion of state remedies, the Court may order the Clerk to reopen this case for statistical purposes.

                s/Nancy G. Edmunds
                Nancy G. Edmunds
                United States District Judge

Dated:  October 13, 2011

I hereby certify that a copy of the foregoing document was served upon counsel of record on October 13, 2011, by electronic and/or ordinary mail.

                s/Carol A. Hemeyer
                Case Manager