UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

ELIJAH JAMES COOK,

        Petitioner,               Case Number: 2:11-CV-12798
                                                  HONORABLE NANCY G. EDMUNDS

v.

CARMEN PALMER,

        Respondent.
_____/

### OPINION AND ORDER DENYING PETITIONER'S
### RULE 59(e) MOTION TO ALTER AND AMEND

Petitioner Elijah James Cook filed a *pro se* petition for a writ of habeas corpus under 28 U.S.C. § 2254. The Court denied the petition on February 2, 2016 (ECF No. 28). Now before the Court is Petitioner's Rule 59(e) Motion to Alter and Amend (ECF No. 30).

The disposition of a motion filed under Rule 59(e) is "entrusted to the court's sound discretion." *Keweenaw Bay Indian Community v. United States*, 940 F. Supp. 1139, 1140 (W.D. Mich. 1996), citing *Huff v. Metropolitan Life Ins. Co.*, 675 F.2d 119, 122 (6th Cir. 1982). Generally, a court may grant a Rule 59(e) motion in one of three situations: (1) to correct a clear error of law; (2) to account for newly discovered evidence; (3) to accommodate an intervening change in controlling law; or (4) to prevent manifest injustice. *Intera Corp. v. Henderson*, 428 F.3d 605, 620 (6th Cir. 2005). However, a motion filed under 59(e) "'may not be used to relitigate old matters, or to

raise arguments or present evidence that could have been raised prior to the entry of judgment.'" *Exxon Shipping Co. v. Baker*, 554 U.S. 471, 486 n.5 (2008), quoting 11 C. Wright & A. Miller, Federal Practice and Procedure § 2810.1 pp. 127-128 (2d ed. 1995). "A motion to alter or reconsider a judgment is an extraordinary remedy and should be granted sparingly." *Plaskon Elec. Materials, Inc. v. Allied-Signal, Inc.*, 904 F. Supp. 644, 669 (N.D. Ohio 1995).

Petitioner argues that the Court erred in denying his habeas petition without first holding an evidentiary hearing. The "AEDPA restricts the availability of federal evidentiary hearings. For a claim that was adjudicated on the merits in a state court proceeding, sections 2254(d)(1) and (d)(2) of AEDPA apply, and the district court is limited to the record that was before the state court at the time." *Keeling v. Warden, Lebanon Corr. Inst.*, 673 F.3d 452, 464 (6th Cir. 2012). Petitioner's habeas claims were denied on the merits in state court. Because the state courts adjudicated the merits of Petitioner's claims, this Court's review was limited to the record that was before the state court. *Cullen v. Pinholster*, 563 U.S. 170, 180 (2011). Second, Petitioner's argument that the Court should not have relied on the state court's findings of fact without first conducting an evidentiary hearing is meritless because, as discussed, an evidentiary hearing was not warranted in this case.

Finally, Petitioner argues that the Court erred in denying habeas relief without first allowing Petitioner to fully brief the legal merits of his claims. Petitioner filed a petition fully setting forth his claims for habeas relief and a thirty-five page reply brief along with

2

eighty-five pages of supporting documents.  The Court finds that Petitioner had ample opportunity to present his claims to this Court.

The Court **DENIES** Petitioner's Motion to Alter or Amend Judgment (ECF No. 14).

**SO ORDERED**.

s/ Nancy G. Edmunds  
NANCY G. EDMUNDS  
UNITED STATES DISTRICT JUDGE

Dated: May 5, 2016